MERAUX TERMINAL CORPORATION *v.* UNITED STATES (No. 4495) [1]

[1] C. A. D. 314.

United States Court of Customs and Patent Appeals, May 24, 1945

*Eugene R. Pickrell* for appellant.

*Paul P. Rao*, Assistant Attorney General (*Joseph F. Donohue*, special attorney, of counsel), for the United States. .

[Oral argument April 11, 1945, by Mr. Pickrell and Mr. Donohue]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges

O'CONNELL, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court, Third Division, C. D. 878, overruling the protest of an importer which claimed an allowance on an importation of untreated gasoline distillate on the ground that the merchandise was abandoned to the United States under the provisions of section 563 (b) of the Tariff Act of 1930, as amended by section 23 of the Customs Administrative Act of 1938.

Facts which have been settled by stipulation between the parties, so far as pertinent, read as follows:

(1) That on January 10, 1939, plaintiff [Appellant] herein imported in the S. S. "Charles Racine," at the port of New Orleans, Louisiana, 5,314,879.50 gallons of untreated gasoline distillate, under warehouse entry bond number 330, which entry was liquidated on March 7, 1939.

(2) That the total withdrawals made under said warehouse bond number 330 between the date of entry and March 14, 1940, amounted to 5,260,421 gallons of untreated gasoline distillate.

(3) That on or about March 14, 1940, an application for abandonment to the Government, under the provisions of section 563 (b) of the Tariff Act of 1930, and in accordance with article 808 of the Customs Regulations of 1937, as amended, of 52,214 gallons of said untreated gasoline distillate, was filed with the Collector of Customs at the port of New Orleans, Louisiana.

(4) That on June 4, 1940, M. L. LeBlanc, Assistant Collector at the port of New Orleans, Louisiana, advised counsel for the plaintiff [Appellant] by letter,. that said application for abandonment dated March 14, 1940 would not be approved, and that his office would not take any further action in the matter, inasmuch as the merchandise covered by the application to abandon had evaporated.

(6) That as of March 14, 1940, 54,459 gallons of said untreated gasoline distillate which had not been withdrawn from bond, had evaporated.

The law is well established that under section 563, *supra,* no duties on merchandise in bonded warehouse may be remitted or refunded, as the case may be, unless it is abandoned in the original package to the Government in not less than an entire package, and the issue presented in this case is whether the merchandise which had evaporated was so abandoned. Appellant claims that it was, because under the provisions of the statute it was not necessary that the merchandise be delivered to the customs officials, or be in a deliverable condition to effect its abandonment.

As in the court below, appellant in support of its position here relies not only upon the cases of *Casazza & Bro.* v. *United States,*. 13 Ct. Cust. Appls. 627, T. D. 41481; *Harrison Corp.* v. *United States,*. 10 Cust. Ct. 16, C. D. 715; *Uberti & Cia.* v. *United States*, 12 Ct. Cust. Appls. 373, T. D. 40523; and *Agency Canadian Car & Foundry Co.* v. *United States*, 11 Ct. Cust. 19, T. D. 38627; but also upon the legislative history of the statute as affected by the provisions of section 506 of the Tariff Act of 1930, *infra.*

Section 563, which provides for the allowance for loss and abandonment of warehouse goods, so far as is relevant, reads as follows:

(a) ALLOWANCE.—In no case shall there be any abatement or allowance made in the duties for any injury, deterioration, loss, or damage sustained by any merchandise while remaining in customs custody, except that the Secretary of the Treasury is authorized, upon production of proof satisfactory to him of the loss or theft of any merchandise while in the appraiser's stores, or of the actual injury or destruction, in whole or in part, of any merchandise by accidental fire or other casualty, while in bonded warehouse, * * *.

(b) ABANDONMENT.—Under such regulations as the Secretary of the Treasury may prescribe and subject to any conditions imposed thereby, the consignee may at any time within three years * * * from the date of original importation, abandon to the Government any merchandise in bonded warehouse, whereupon any duties on such merchandise may be remitted or refunded as the case may be, but any merchandise so abandoned shall not be less than an entire package and shall be abandoned in the original package without having been repacked while in a bonded warehouse (other than a bonded manipulating warehouse).

The facts in the case at bar fail to establish that the involved. merchandise was contained in "an entire package" and "an original

package." On the other hand, the clear inference to be drawn from the record is that the 5,314,879.50 gallons of untreated gasoline distillate was entered and stored in bulk. Appellant contends that in section 563 (b) Congress restricted the abandonment of packaged merchandise to entire packages, but made no restriction whatsoever on the amount of merchandise in bulk which could be abandoned.

A review of the cases cited by appellant in support of its argument reveals that each of them is distinguishable from the case at bar; and no authority can be found in such cases, singly or collectively, and we know of none, which establishes the rule that under section 563 (b) an importer is entitled to an allowance in duties on the ground of abandonment of a portion of imported merchandise which has evaporated, but which was not contained in an entire and original package.

Appellant further contends that an amendment incorporated in section 505 of the Tariff Act of 1922, and subsequently reenacted by Congress in section 506 of the Tariff Act of 1930, authorizes the allowance in duties and the abandonment of 5 per centum or more of the total value of perishable merchandise and makes its delivery unnecessary if it is so far destroyed as to be nondeliverable.

Section 506, *supra*, provides that an allowance shall be made in the estimation and liquidation of duties under regulations prescribed by the Secretary of the Treasury in the following cases:

(1) ABANDONMENT WITHIN THIRTY DAYS.—Where the importer abandons to the United States, within thirty days after entry in the case of merchandise not sent to the appraiser's stores for examination, or within thirty days after the release of the examination packages or quantities of merchandise in the case of merchandise sent to the appraiser's stores for examination, any imported merchandise representing 5 per centum or more of the total value of all the merchandise of the same class or kind entered in the invoice in which the item appears, and delivers, within the applicable thirty-day period, the portion so abandoned to such place as the collector directs unless the collector is satisfied that the merchandise is so far destroyed as to be nondeliverable;

(2) PERISHABLE MERCHANDISE, CONDEMNED.—Where fruit or other perishable merchandise has been condemned at the port of entry, within ten days after landing, by the health officers or other legally constituted authorities, and the consignee, within five days after such condemnation, files with the collector written notice thereof, an invoiced description and the location thereof, and the name of the vessel or vehicle in which imported.

The legislative history of the amended statute as reported in the hearings before the Committee on Finance, United States Senate, on the proposed Tariff Act of 1921 (H. R. 7456), page 5101, reveals that the amendment in question was enacted as a result of the decision rendered by the Court of Custom Appeals under the tariff act of 1913 in the case of *Agency Canadian Car & Foundry Co.* v. *United States, supra.* That case is summarized in appellant's brief as follows:

* * * The merchandise consisted of partly finished ammunition shells, imported from Canada on a consumption entry, to be loaded and exported to

Russia. The shells were destroyed by fire and explosion at the importer's plant after delivery. The importer notified the Collector within the statutory period that the shells were abandoned to the Government in accordance with paragraph X, section III, Tariff Act of 1913. The Collector directed the importer to make delivery of the merchandise and upon its failure to do so, disregarded the abandonment. The court held that since the statute provided that the merchandise shall be delivered by the importers as directed by Customs officials, abandonment could not be effected unless the merchandise was in a deliverable condition. The court expressed its regret that the statute denied the importer relief and conceded that it visited an undeserved hardship upon the importer.

The import of appellant's argument is that section 563 (b) makes no requirement for the delivery of merchandise to effect its abandonment in any case; and in amending section 505 and reenacting its provisions in section 506, as hereinbefore described, it was the intent of Congress to abolish the requirement of the delivery of imported merchandise in order to effect its abandonment where the merchandise is so far destroyed or is in such condition as not to be deliverable.

Section 506 (2), *supra*, provides for the destruction and abandonment of perishable merchandise not entered in bonded warehouse and is therefore inapplicable to the issue in the case at bar. Appellant urges, however, that section 563 (b) may be considered as comparable to section 506 (2) in that in the latter case, allowance may be made in duties where fruit and other perishable merchandise have been condemned; and there seems to be no logical reason why merchandise in bonded warehouse under continuous customs custody should not equally be subject to abandonment to the Government, even though it has been so far destroyed as to be nondeliverable.

Congress, however, has limited relief from the payment of duties to merchandise in bonded warehouse which has been either injured or destroyed by accidental fire or other casualty; and no exception has been authorized to allow for merchandise, not abandoned in an entire and original package, which has evaporated and lost its deliverable attribute.

It will be noted that the intent of Congress as expressed in section 506 (2) is to permit the abandonment within 10 days after entry and allowance for merchandise, such as decayed fruits and vegetables, which have been destroyed in transit, without the necessity of repacking it in bonded warehouse under customs supervision. Section 506 (2) is controlled by entirely different circumstances from merchandise that is entered and entrusted to the custody of custom officials in bonded warehouse under section 563 (b).

It is true that section 563 does not explicitly state that merchandise actually injured or destroyed, in whole or in part, by accidental fire or other casualty while in bonded warehouse must be "delivered" to customs officials in order to effect its abandonment. But the statute clearly states that the portion so abandoned must be in "not less than

an entire package" and "the original package." Congress, for reasons of its own, has followed a well-defined policy in providing for no abandonment of merchandise such as is here involved in less than an entire package and in other than the original package, even though it is a matter of common knowledge that such merchandise is subject to loss not only by accidental fire and other casualty, but also by the process of normal evaporation.

For the reasons stated, the judgment of the Customs Court is *affirmed.*